UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

**MAURICE CLARK,**

                                                                                     Case No:

        Plaintiff,                                                   Hon:

v.

MICHIGAN DEPARTMENT OF STATE POLICE
TROOPER MICHAEL LAFORGE # ,1276  in
his individual  and official capacity,

        DefendantS.

_____

Law Offices of Diana L. McClain
Diana L. McClain (P-54781)
Counsel  for Plaintiff
7071 Orchard Lake Rd., Ste. 210
West Bloomfield, MI 48322
(248) 539-3714
dlmcclain@aol.com

HALL & MAKLED, P.C.
Cyril C. Hall  (P-29121)
Amir Maqkled (P 76306)
Co-Counsel  for Plaintiffs
23950 Princeton St,
Dearborn, MI 48124
(313)788-888

**COMPLAINT AND JURY DEMAND**

**INTRODUCTION**

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 to redress the deprivation of Plaintiff's constitutional rights by Defendant, a law enforcement officer. Defendant used excessive force against Plaintiff, causing severe physical injuries, emotional distress, and financial damages.

1

2. Plaintiff seeks compensatory damages, punitive damages, attorneys' fees, and any other relief the Court deems just and proper.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this case arises under the Constitution and laws of the United States.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b), as the events giving rise to this claim occurred in the Eastern District of Michigan.

## PARTIES

5. Plaintiff **Maurice Clark** is an individual residing in the State of Michigan.

6. Defendant Michigan Department of State Police is a Michigan state law enforcement agency authorized by the State of Michigan and duly empowered by the State to investigate, serve, protect and enforce the laws of the State.

7. Defendant **Trooper Michael Laforge , "LAFORGE" hereinafter** is a law enforcement officer employed Defendant Michigan Department of State Police, as a Michigan State Trooper. Defendant was acting under color of law and within the scope of his employment when he engaged in the conduct alleged herein.

## FACTUAL ALLEGATIONS

7. On April 22, 2022, at approximately 11:21 p.m., Plaintiff was driving southbound on Southfield Freeway near the I-96 exit when he encountered a police vehicle blocking the left lane due to a prior accident.

2

8.  Plaintiff slowed down but ultimately collided with the police vehicle, which was occupied by Defendant.

9.  Plaintiff's airbag deployed, leaving him in a dazed and disoriented state.

10. Without providing any verbal commands, Defendant **John Doe Officer** forcibly opened Plaintiff's driver-side door and, without provocation, punched Plaintiff in the face.

11. Defendant then forcibly pulled Plaintiff from the vehicle , despite Plaintiff's visible confusion and his attempts to alert Defendant of his pre-existing leg injury, Defendant used a straight Arm Bar takedown.

12. As a direct result of this unprovoked assault, Plaintiff suffered the loss of several teeth and severe pain.

13. Defendant used excessive force while removing Plaintiff from the vehicle, aggressively handcuffing him behind his back without justification.

14. Additional officers arrived on the scene and subjected Plaintiff to verbal abuse, including racially charged and profane remarks.

15. Despite Plaintiff's obvious injuries, no immediate medical assistance was provided at the scene.

16. Plaintiff was transported to Detroit Receiving Hospital, where officers instructed medical staff to draw his blood but failed to request treatment for his facial injuries.

17. Plaintiff was then taken to the Detroit Detention Center, where he remained in custody for approximately two to three days.

18. While in custody, Plaintiff requested medical care for his severe dental injuries. Although officers attempted to transport Plaintiff for treatment, the transportation vehicle was inadequate, effectively denying him medical attention.

19. Upon his release, Plaintiff was not provided a citation, bond, or formal charges.

20. Nearly two years later, Plaintiff was charged with **Operating Under the Influence of Liquor (OUIL)** and **Causing Injury to an Officer**—charges based on false allegations that Plaintiff intentionally caused the collision and reached toward his waistband, claims that the officer later admitted were speculative and unfounded.

21. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered:

    a. Permanent dental injuries, including the loss of multiple teeth;

    b. Emotional distress, including fear, anxiety, and humiliation;

    c. Ongoing medical expenses related to dental reconstruction and other necessary treatments; and

    d. **Violations of his constitutional rights**, including the Fourth and Fourteenth Amendments.

### COUNT I – EXCESSIVE FORCE (42 U.S.C. § 1983 – FOURTH AMENDMENT) (As to Defendant Laforge)

22. Plaintiff   incorporates by reference and re-alege each and every paragraph stated above as if said paragraph s were more fully set forth herein\

23. Plaintiff's constitutionally protected rights that Defendant Police Officers violated include the following:

    a. his right to liberty protected in the substantive component of the Due Process Clause of the Fourteenth Amendment, which includes personal safety, freedom from captivity, and;

    b. right to be free from the use of excessive force

24. . Defendant "LAFORGE" , acting under color of state law, took Plaintiff into physical police custody, after alleging that Plaintiff resisted arrest. In doing so, he established a special custodial relationship with Plaintiff giving rise to affirmative duties on his part to secure for him the constitutionally protected rights.

25. Defendant used excessive and unreasonable force against Plaintiff by:

    a. Punching Plaintiff in the face without justification;

    b. Forcibly removing Plaintiff from his vehicle without warning or verbal commands;

    c. Aggressively handcuffing Plaintiff despite his pre-existing leg injury; and

    d. Denying Plaintiff medical care while he was in police custody.

26. Defendant's use of force was unnecessary, excessive, and in violation of Plaintiff's Fourth Amendment right to be free from unreasonable seizures.

27. As a direct and proximate result of Defendant Police Officers' conduct, Plaintiff suffered physical and emotional injury, loss of freedom, and other constitutionally protected rights described above.

**WHEREFORE**, Plaintiff seeks judgment against Defendants, jointly and severally, in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollar, to which

Plaintiffs are entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

## COUNT II –
## FAILURE TO PROVIDE MEDICAL CARE .S.C. § 1983 – FOURTEENTH AMENDMENT)
**(As to Defendant Laforge)**

28. Plaintiff incorporates by reference all preceding paragraphs.

29. Defendant and other officers acted with deliberate indifference to Plaintiff's serious medical needs by:

> a. Failing to provide or seek immediate medical care at the scene despite visible injuries;
>
> b. Transporting Plaintiff to Detroit Receiving Hospital only for a blood draw and neglecting his dental injuries; and
>
> c. Failing to provide adequate medical transport while Plaintiff was in custody, effectively denying him medical care.

30. Defendant's conduct violated Plaintiff's Fourteenth Amendment rights under the Due Process Clause.

31. As a result of Defendant's deliberate indifference, Plaintiff suffered prolonged pain, worsening medical conditions, and emotional trauma.

**WHEREFORE**, Plaintiff seeks judgment against Defendants, jointly and severally, in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollar, to which Plaintiffs are entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

## COUNT III –
## MUNICIPAL LIABILITY (MONELL CLAIM) –
## FAILURE TO TRAIN AND SUPERVISE
### (Against Defendant Michigan State Department of Police )

32. Plaintiff incorporate by reference the preceding paragraphs as if fully set forth herein

33. At all times relevant herein, Defendant by their own customs, policies and/or practices systematically failing to properly train, evaluate, supervise, investigate, review and/or discipline their police officers under their supervision, allowed, acquiesced in, and/or encouraged the other Defendants to function as police officers and to unlawfully confront, assault, batter, use excessive force, verbally abuse, humiliate and mistreat Plaintiff and thereby directly and proximately caused Plaintiffs to be deprived of his right to be free from the use of excessive force, and other unreasonable intrusions against his person in violation of the United States Constitution, Fourth Amendment.

34. At all times relevant herein, Defendants, by their own customs, policies, and/or practices of systematically failing to enforce their own rules and regulations pertaining to the use of force against, arrest, custody, detention and prosecution of citizens, including Plaintiff, in violation of all standards of decency and minimum requirements under the law and the Constitution, Plaintiff was deprived of his liberty and his right to be free from unreasonable searches and seizures, the use of excessive force and other unreasonable intrusions against his person without due process of law, in violation of the United States Constitution, Article 1m Subsection 11 and 17.

35. Defendant is liable for their intentional, deliberately indifferent, willful, wanton, reckless and/or grossly negligent acts and/or omissions which constituted customs, policies and/or practices which resulted in the unlawful, unjustified and

7

wrongful seizure of Plaintiffs' liberties, person and health without due process of law, all of which were proximate results of their injuries.

36. At all times relevant herein, Defendants, Michigan State department of Police by its failure to intervene to prevent the intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and/or omissions of the employees and/or agents under their supervision, proximately caused Plaintiffs to be deprived of his liberty and of his right to be free from unreasonable intrusions against his person, in violation of the United States Constitution, fourth Amendments ,

37. At all times relevant herein, Defendant MICHIGAN DEPARTMENT OF POLICE by its direction from which the intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and/or omissions of the employees and/or agents under their supervision were foreseeable, allowed, acquiesced in and/or encouraged and other unknown persons, to function as police officers and to unconstitutionally assault and seize citizens, including Plaintiffs, thereby proximately causing Plaintiffs to be deprived of t heirliberty, and his freedom from unreasonable detention and seizures and other unreasonable intrusions against his person, in violation of the United States Constitution, Fourth Amendments.

38. At all times relevant herein, Defendants, MICHIGAN DEPARTMENT OF POLICE by its failure to correct the behavior of the employees and/or agents under his supervision which said Defendants knew or should have known, created the potential for the intentional, willful and wanton, reckless, deliberately

8

indifferent, grossly negligent, and/or omissions of Defendants allowed, acquiesced in and/or encouraged said individual Defendants to function as police officers and to unlawfully confront, assault, batter, use excessive force against, verbally abuse, humiliate, mistreat and detain Plaintiffs, thereby proximately causing Plaintiffs to be deprived of their liberty and of their right to be free from unreasonable intrusions against their person without due process of law, in violation of United States Constitution, Fourth Amendments.

39. The Civil Rights Act, 42 USC SS 1983, provides for civil liberty under federal law for the deprivation of any right, privilege or immunity secured by the Constitution and the laws of the United States, while committed under color of law.

40. Defendants are civilly liable to Plaintiffs pursuant to 42 USC SS1983, because all of the above-described deliberately indifferent, grossly negligent, reckless, willful, wanton, malicious and/or intentional acts and/or omissions of Defendants, Michigan Department of Police were committed under color of law and pursuant to the customs, policies and/or practices of Defendants, MICHIGAN DEPARTMENT OF POLICE which subjected Plaintiff to deprivation of his rights, privileges and immunities secured by the United States Constitution, Amendments I, IV, V and XIV.

41. As a direct and proximate result of said Constitutional violations, Plaintiffs suffered serious and permanent injuries to their body and mind, mental anguish, pain and suffering, loss of wages, loss of enjoyment of life, humiliation, degradation and incurred medical expenses, all past, present and future.

**WHEREFORE,** Plaintiffs seek judgment against Defendants, in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, to which Plaintiff is entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

## COUNT IV –
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (As to Defendant Laforge)

42. Plaintiff incorporates by reference and re-allege each and every paragraph stated above as if said paragraph s were more fully set forth here.

43. Defendant's conduct described herein was extreme and outrageous conduct because it was beyond all possible bounds of decency and could be regarded as atrocious and utterly intolerable in a civilized community and would (and in fact has) cause an average member of the community would . . . exclaim, "Outrageous!"

44. Defendants' actions described herein were intentional or reckless.

45. Defendants' actions caused Plaintiff severe emotional distress so severe that no reasonable person could be expected to endure it, causing nausea, inability to eat, loss of sleep, inability to concentrate, concern and fear for his safety. *Haverbush v. Powelson*, 217 Mich. App. 228, 234-35 (1996).

**WHEREFORE**, Plaintiff seek judgment against Defendants, in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, to which Plaintiff is entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages. **COUNT V –**

## GROSS NEGLIGENCE (STATE LAW CLAIM)
### (As to Defendant Laforge)

46. Plaintiff incorporates by reference all preceding paragraphs.

47. Defendant owed Plaintiff a duty of care to act in a reasonable and lawful manner during the encounter.

48. Defendant breached that duty by:

    a. Using excessive force without justification;
    b. Failing to provide medical care for Plaintiff's serious injuries; and
    c. Engaging in conduct so reckless that it demonstrated a substantial disregard for Plaintiff's safety.

49. Defendant's actions constitute gross negligence under Michigan law.

50. As a direct and proximate result of Defendant's gross negligence, Plaintiff suffered serious injuries, emotional trauma, and financial damages.

**WHEREFORE,** Plaintiffs seek judgment against Defendants, in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, to which Plaintiff is entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

Respectfully submitted,

**Law Offices of Diana L. McClain**
**Diana L. McClain (P-54781)**
/s/Diana L. McClain
Counsel  for Plaintiff
7071 Orchard Lake Rd., Ste. 210
West Bloomfield, MI 48322
(248) 539-3714
**dlmcclain@aol.com**

Date: April 21, 2025

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **Law Offices of Diana L. McClain** |
|  | **Diana L. McClain (P-54781)** |
|  | /s/Diana L. McClain |
|  | Counsel for Plaintiff |
|  | 7071 Orchard Lake Rd., Ste. 210 |
|  | West Bloomfield, MI 48322 |
| Date: April 21, 2025 | (248) 539-3714 |
|  | **dlmcclain@aol.com** |

12