UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE CLARK,

      Plaintiff,

v.

MICHIGAN STATE POLICE, and
MICHAEL LAFORGE,

      Defendants.
_____/

Case No. 2:25-cv-11149

Honorable Susan K. DeClercq
United States District Judge

## OPINION AND ORDER GRANTING DEFENDANT MICHIGAN STATE POLICE'S MOTION TO DISMISS (ECF No. 9)

In April 2025, Plaintiff Maurice Clark filed a five-count complaint against the Michigan State Police (MSP) and Trooper Michael Laforge. ECF No. 1. In Count III—the only count against MSP—Plaintiff brings a *Monell* claim against MSP for its alleged failure to train and supervise Defendant Laforge, who Clark alleges used excessive force and failed to provide medical care during an encounter in April 2022. *See generally* ECF No. 1 at PageID.7–10; *see also Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658 (1978) (establishing that local government units could be held liable under 42 U.S.C. § 1983 for constitutional deprivations arising from a governmental "custom").

In July 2025, MSP filed a motion to dismiss Clark's complaint as against MSP under Civil Rule 12(b). ECF No. 9. As grounds for its motion, MSP asserts that the

Eleventh Amendment bars Clark's claim. *Id*. Because MSP is correct as a matter of law, this Court will grant MSP's motion to dismiss.

"'[A] suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.... regardless of the nature of the relief sought' unless Congress has abrogated the state's immunity or the state has consented to the filing of the suit." *Studstill El v. Mich. Dep't of State*, 691 F. App'x 820, 822 (6th Cir. 2017) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984)); *but see Ex parte Young*, 209 U.S. 123 (1908) (establishing an exception to Eleventh Amendment sovereign immunity that allows claims for equitable, prospective relief against state officials acting in their official capacity).

Like the Michigan Department of Corrections (MDOC), MSP is not a local governmental unit but rather an "entity of the State." *Longmire v. Mich. Dep't of Corr.*, No. 19-1853, 2020 WL 4514666 at *2 (6th Cir. 2020) (unpublished); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956 (6th Cir. 2013) (applying Eleventh Amendment analysis to MDOC). Since MSP is an entity of the State of Michigan, *see* Mich. Comp. Laws § 28.2 (establishing MSP as a "department of the state government"), Clark's ability to bring a *Monell* claim against MSP turns on whether one of the exceptions to Eleventh Amendment immunity applies.

In this case, none do: first, neither Michigan nor MSP has consented to suit; second, Congress has not abrogated MSP's immunity; and third, Clark is not seeking equitable, prospective relief. Thus, Count III of Clark's complaint is barred by the Eleventh Amendment.

Accordingly, it is **ORDERED** that MSP's Motion to Dismiss, ECF No. 9, is **GRANTED**. To that end, all claims against MSP are **DISMISSED WITH PREJUDICE**.

**This is not a final order and does not close the above-captioned case.**

Dated: October 9, 2025

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge